UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARWIN J. FIFIELD, SR.,

                              Plaintiff,

                                                    DECISION AND ORDER

                                                    04-CV-6540L

                    v.

DETECTIVE BARRANCOTTA,
et al.,

                              Defendants.
_____


        Defendants have filed a motion to vacate the default that was entered by the Clerk of the

Court on September 9, 2006.  By letter to the Court dated February 11, 2007, plaintiff, who appears

*pro se*, opposed the motion.

        Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown

the court may set aside an entry of default ... ."  In determining whether to vacate an entry of default,

the Court must consider "(1) whether the default was willful; (2) whether setting aside the default

judgment would prejudice the adversary; and (3) whether a meritorious defense is presented."  *See*

*Powerserve Int'l Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) (quoting *Enron Oil Corp. v.*

*Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).  The Court may also consider whether the failure to file

the answer was "a mistake made in good-faith and whether the entry of default would bring about

a harsh or unfair result."  *Enron Oil*, 10 F.3d at 96.

        Decisions to vacate an entry of default are within the discretion of the court, but any doubts

should be resolved in favor of a trial on the merits.  *See Meehan v. Snow*, 652 F.2d 274, 276-77 (2d

Cir. 1981).  Although the factors to be considered are the same, the standard for deciding whether to vacate an entry of default is less rigorous than the standard which is applied when deciding whether to vacate a default judgment.  *See Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001); *American Alliance Insurance Co. v. Eagle Insurance Co.*, 92 F.3d 57, 59 (2d Cir. 1996).

Having reviewed defendants' motion and supporting papers, as well as plaintiff's response, the motion is granted.  In applying the factors recited above, I am mindful that the Second Circuit has expressed its "strong preference for resolving disputes on the merits," *Powerserve*, 239 F.3d at 514 (internal quotes omitted), and has cautioned that "defaults are generally disfavored and are reserved for rare occasions ... ."  *Enron Oil*, 10 F.3d at 96.  Given the apparent lack of bad faith or prejudice here, as well as the fact that defendants appear to have a colorable basis for asserting an immunity defense, I conclude that there is sufficient basis to warrant vacating the entry of default.

## CONCLUSION

Defendants' motion to vacate the clerk's entry of default (Dkt. #14) is granted, and the default entered on September 8, 2006 (Dkt. #12) is hereby vacated.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 14, 2007.