UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DARWIN J. FIFIELD,

              Plaintiff,

     v.

DETECTIVE DAVID BARRANCOTTA,
et al.,

              Defendants.
_____

DECISION & ORDER

04-CV-6540L

      Plaintiff Darwin J. Fifield, Sr., is currently serving a term of imprisonment at the Wyoming Correctional Facility following a guilty plea entered in New York State Court in March 2004. Plaintiff initiated the above-captioned matter on October 29, 2004, alleging that Officers Michael Wasik, David Barrancotta and S.D. Seekins of the Lockport Police Department violated his constitutional rights by subjecting him to excessive force at the time of his arrest, and that Police Chief Neil Merritt was aware of such incident and failed to take corrective action. (Docket ## 1, 5). Officers Wasik, Barrancotta and Seekins (hereinafter "the officers") were served with plaintiff's complaint in August 2005, but failed to answer at that time. Chief Merritt was not served with the complaint. On September 8, 2006, the Clerk, by order of the Court, made an Entry of Default against the officers. (Docket # 12). The officers thereafter moved to vacate such order on November 14, 2006 (Docket # 14), which was granted by order dated February 15, 2007 (Docket # 32). On April 17, 2007, Chief Merritt moved this Court for leave to

file an answer to plaintiff's complaint. (Docket # 33). That motion is currently pending before the Court.

An affidavit was submitted by Merritt's counsel in support of the motion to file an answer. (Docket # 34). The affidavit included a recitation of the factual background of plaintiff's underlying criminal case. Relevant to this motion, the affidavit explained that in August 2002, plaintiff's wife, Jessica Fifield, met with her sister "S.D." for the first time in five years. S.D. was sixteen years old at that time and had recently run away from home. Jessica allowed S.D. to live at her home with plaintiff and their children. (Docket # 34 at ¶¶ 12-13). According to the affidavit, "[p]laintiff began having forcible sex with S.D. around the time she moved in." "The forced sex continued until November, 2002." (Docket # 34 at ¶¶ 14-15). Counsel's affidavit further stated that plaintiff had admitted in a statement to the police that he had intercourse with S.D. on two occasions and that he had taken nude photographs of her. (Docket # 34 at ¶ 22). Finally, the affidavit indicated that in March 2004, plaintiff entered a guilty plea to charges of attempted use of a child in a sexual performance and rape in the third degree. (Docket # 34 at ¶ 23).

Currently pending before this Court is plaintiff's motion for sanctions. (Docket # 42). Plaintiff contends that the above facts set forth in counsel's affidavit are "completely unfounded, slander[ous] and defamatory." (Docket # 42 at ¶ 4). Plaintiff asserts that he had consensual sex with the minor S.D. and that the photographs referenced above support his position. (Docket # 42 at 18). According to plaintiff, counsel's statements were made in an effort to prejudice the Court against him, and he requests that counsel "no longer be allowed to take any part of this case." (Docket # 42 at ¶¶ 10-11).

It is within a court's inherent power to sanction a party or their attorneys in order to effectively manage its affairs and ensure "the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The power may also be exercised in response to a party or attorney who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Servs. Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975); *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000). "An award of sanctions under the court's inherent power requires both 'clear evidence that the challenged actions are *entirely without color* and [are taken] for reasons of harassment or delay or for other improper purposes.'" *Revson v. Cinque & Cinque, P.C.*, 221 F.3d at 78 (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986), *cert. denied*, 480 U.S. 918 (1987)). "A claim is colorable 'when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim.'" *Id.* at 78-79 (quoting *Nemeroff v. Abelson*, 620 F.2d 339, 348 (2d Cir. 1980)).

In the instant matter, the factual recitation set forth in Police Chief Merritt's motion papers clearly stated that it was derived from police reports. (Docket # 34 at ¶ 11). The police report, which has been submitted for this Court's review in response to this motion, references a statement by Anne Baker, a Family Service Advocate. According to the police report, the minor S.D. had reported to Baker that she had run away from home and was living with her sister and her sister's husband [plaintiff]. S.D. further indicated that plaintiff had forced her to have sex with him and that he had "sexually assaulted" her. (Docket # 45-2). Although plaintiff may dispute the accuracy of the police report, the factual recitation included in defense counsel's affidavit was clearly derived from such reports as indicated. Thus, this Court cannot

conclude that counsel acted without a colorable basis in fact when he relied upon the police report in order to provide the Court with relevant background information. Accordingly, I fail to find that counsel acted in bad faith such that an award of sanctions would be justified. It is therefore the Decision and Order of this Court that plaintiff's motion for sanctions **(Docket # 42)** is **DENIED**.[1]

**IT IS SO ORDERED.**

                                                    *s/Marian W. Payson*
                                                     MARIAN W. PAYSON
                                                     United States Magistrate Judge

Dated: Rochester, New York
         August   14   , 2007

---

[1] This Court has been advised that a deposition of plaintiff is scheduled to occur on August 17, 2007. On August 13, 2007, this Court received a letter from plaintiff indicating that he did not believe it was appropriate for him to sit for this deposition until the Court ruled on his motion for sanctions. Having now denied plaintiff's motion, the Court expects that he will appear for the August 17, 2007 deposition.